*Exhibit B – Index of Matters Being Filed*

*Exhibit "A" - Petition*

FILED
11/2/2017 4:55 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

2 CIT CML SAC1

# 2017CI21080

NO. _____

| | | |
|---|---|---|
| JAMES C. MITCHELL & ANA MARIA RODEA DE MITCHELL<br>Plaintiff(s),<br><br>V.<br><br>MCKIBBON HOTEL GROUP, INC. &<br>MCKIBBON HOTEL MANAGEMENT, INC.<br>Defendant. | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>285TH<br>_____ JUDICIAL DISTRICT<br><br><br><br>OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** James C. Mitchell, and Ana Maria Rodea de Mitchell, hereinafter called Plaintiff(s), complaining of and about McKibbon Hotel Group, Inc. and McKibbo =n Hotel Management, Inc, hereinafter called Defendant(s), and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

2. Plaintiffs James C. Mitchell and Ana Maria Rodea de Mitchell are husband and wife. Plaintiffs reside at 7947 Restless Wind St., San Antonio, Texas 78250.

3. The last three numbers of James C. Mitchell's driver's license number are 737. The last three numbers of James C. Mitchell's social security number are 964.

1

5. The three digits of Ana Maria Rodea de Mitchell's driver's license are 854. The last three digits of Ana Maria Rodea de Mitchell's social security number are 067.

6. Upon information and belief, Defendant McKibbon Hotel Group, Inc., is a Foreign For-profit Corporation purposely availing itself of the State of Texas by doing business in the State of Texas and is listed as the owner/manager, renovator of the property identified as Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092, and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218**, its registered office. Plaintiffs request the clerk of the court issue a citation to Defendant's agent by certified mail, return receipt requested.

7. Upon information and belief, Defendant McKibbon Hotel Management, Inc., is a Foreign For-profit Corporation purposely availing itself of the State of Texas by doing business in the State of Texas and is listed as the owner/manager, and renovator of the property identified as Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092, and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218**, its registered office. Plaintiffs request the clerk of the court issue a citation to Defendant's agent by certified mail, return receipt requested.

## III.
## JURISDICTION AND VENUE OVER DEFENDANT MCKIBBON HOTEL GROUP, INC

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Plaintiffs seek:

    a. monetary relief over $200,000 but not more than $1,000,000.

10. This court has jurisdiction over Defendant McKibbon Hotel Group, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over McKibbon Hotel Group, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Plaintiffs would show that Defendant McKibbon Hotel Group, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

12. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant McKibbon Hotel Group, Inc. to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

13. Furthermore, Plaintiffs would show that Defendant McKibbon Hotel Group, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and committed a tort in whole or in part in Texas.

14. Plaintiff(s) was injured when he sat on a handicap accessible shower chair that collapsed in Plaintiff's hotel room provided by Defendant. The resulting fall from the chair caused multiple injuries to Plaintiff.

15. Venue in Bexar County is proper in this cause as this is where the Plaintiff(s) contracted with Defendant, it is also the principal place of residence of the Plaintiff who is handicapped and venue in any other location would result in undue hardship upon the Plaintiff(s).

## IV.
## JURISDICTION AND VENUE OVER DEFENDANT MCKIBBON HOTEL MANAGEMENT, INC

16. This court has jurisdiction over Defendant McKibbon Hotel Management, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over McKibbon Hotel Group, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

17. Plaintiffs would show that Defendant McKibbon Hotel Management, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

18. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant McKibbon Hotel Management, Inc. to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

19. Furthermore, Plaintiffs would show that Defendant McKibbon Hotel Management, Inc. engaged in activities constituting business in the state of Texas as

4

provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and committed a tort in whole or in part in Texas.

20. Plaintiff(s) was injured when he sat on a handicap accessible shower chair that collapsed in Plaintiff's hotel room provided by Defendant. The resulting fall from the chair caused multiple injuries to Plaintiff.

21. Venue in Bexar County is proper in this cause as this is where the Plaintiff(s) contracted with Defendant, it is also the principal place of residence of the Plaintiff who is handicapped and venue in any other location would result in undue hardship upon the Plaintiff(s).

## V.
## FACTUAL BACKGROUND

22. On October 12, 2015, Plaintiff(s) reserved a guaranteed "mobility accessible Room with tub" from Defendant(s) through marriott.com to attend their son's wedding in Houston Texas on November 8, 2015 at Courtyard Houston Brookhollow, located at 2504 North Loop West, Houston, Texas 77092.

23. Plaintiff(s) James C. Mitchell and Ana Maria Rodea De Mitchell, entered upon said premises and checked into the hotel.

24. On or about November 8, 2015, Plaintiff was in the process of getting ready for his son's wedding when he was seriously injured when the shower chair he was sitting upon suddenly and without warning pulled from the wall and collapsed to the ground.

25. As a result, Plaintiff received severe bodily injuries to his head, neck, back, buttocks, arms, and legs as a direct result of the shower chair pulling from the wall and collapsing to the ground.

5

## VI.
## NEGLEGENCE

26. Defendant(s) are charged with a duty of care to Plaintiff(s) and must ensure that the Courtyard Houston Brookhollow operates according to generally accepted safety standards for a Hotel operating in the normal course of business, and to ensure that employees of Defendant(s) were properly supervised and trained in such standards and procedures. Defendant(s) are, and were, on November 8, 2015, owner(s), operator(s), manager(s), and renovator(s) at all relevent times of the property located at 2504 North Loop West, Houston, Texas 77092. By allowing Plaintiff(s) to check into a handicap accessible room with a serious hazard directly relating to the rooms handicap accessibility functions Defendant(s) breached that duty.

27. In addition, Plaintiff(s) assert negligence under the doctrine of *res ipsa loquitur* in that:

a) The Nature of the occurrence giving rise to Plaintiff(s) claim (i.e. failing to maintain a handicap accessible shower seat, and placing a patron in a dangerous room) is such that it could not have happened in the absence of negligence: and,

b) The instrumentalities giving rise to the harm (the room, the shower, and the seat itself) were within the exclusive control of the Defendant(s) at the time the negligence occurred.

28. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

6

## VII.
## PREMISIS LIABILITY

29. Defendant(s) are listed owners of the property and premises described as Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092. Plaintiff(s) were "invitees" upon the premises, in that they entered the premises for a business purpose, for the mutual benefit of themselves and Defendant(s), with Defendant(s) knowledge and consent. As invitees, Plaintiff was owed the highest duty of care by Defendant(s) to be warned of or made safe from any conditions or activities on the property that posed a danger to Plaintiff(s) that Defendant(s) either knew of, or through the exercise of reasonable diligence should have known of.

30. Defendant was on notice of such a dangerous condition because the shower chair did not have proper warnings for weight limits, and was dilapidated, unsafe, and out of repair. It therefore had actual and subjective knowledge and awareness of hazards to handicapped individuals staying on the premises.

31. By allowing Plaintiff to use a handicap accessible room and use the dangerous shower chair, Defendant(s) failed to make Plaintiff(s) safe from the unreasonably dangerous condition, and it was foreseeable that Plaintiff(s) would have been harmed and injured as a result.

## VIII.
## RESPONDEAT SUPERIOR

32. Plaintiffs additionally assert liability under the doctrine of *respondeat superior*, in that:

a) Plaintiff(s) were injured as the result of employees' acts or omissions, including but not limited to Defendant(s) maintenance staff, cleaning crews, hotel staff;

repair/remodeling and maintenance staff or crews; and,

b) At the time of said acts or omissions, the employees were acting in the course and scope of their employment with Defendant(s), and in the furtherance of Defendant(s) business.

Accordingly, Defendant(s) are liable for the aforementioned acts or omissions by failing to inspect repair, replace, or adequately maintain in good repair, the shower chair within the premises.

## IX.
## BREACH OF CONTRACT

33. Plaintiff(s) and Defendant(s) entered into a valid contract for the lease of a hotel room while traveling to Houston Texas. There was a meeting of the minds evidenced by Plaintiff paying a nonrefundable reservation rate to the reservation website, and then checking into the Courtyard Houston Brookhollow on the scheduled date, and receiving a room. Plaintiff(s) performed all obligations under said contract including but not limited to paying for a room guaranteed (handicap) accessible.

34. Defendant(s) breached its duties and obligations under the contract both explicit and implicit, pertaining to providing appropriate safe (handicap) accessible lodging by allowing Plaintiff(s) to check into an unsafe room with a hazardous shower chair.

35. Defendant(s) breach was the proximate couse of damages to Plaintiff(s), directly and incidental/consequential, as set forth in more detail below.

## X.
## DECEPTIVE TRADE PRACTICE VIOLATION

36. Plaintiff's Status as Consumer:

On or about, October 12, 2015, the plaintiff sought to purchase the following goods *or* services: Handicap accessible accommodations in the Houston Texas. The Defendant(s) sold the goods *or* services to Plaintiff(s) for a retail price per night stay.

37. Texas DTPA § 17.46, "Laundry List" violations:

The foregoing representations by the defendant(s) that the room provided was a safe handicap accessible room violate subdivisions (b)(5), (7), (12) and (24) of Section 17.46 of the Deceptive Trade Practices—Consumer Protection Act in that they constitute representations that (1) services have characteristics, uses, or benefits that they do not have, (2) goods or services are of a particular standard, quality, or grade although they are another, (3) representing that an agreement confers or involves rights, remedies, or obligations which it does not have, (4) failing to disclose information concerning services which was known at the time of the transaction and used to induce the consumer into a transaction they otherwise would not have entered into.

38. Unconscionability:

Additionally, the mentioned representations, acts, and omissions made by the Defendant(s) in dealing with the Plaintiff(s) constitutes an unconscionable action as termed in the Texas Business and Commerce Code Sec. § 17.45(5).

## XI.
## DAMAGES

39. Each and every, all and singular, of the foregoing acts and omissions, of Defendant(s), taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

9

40. Defendant(s) acts or omissions described above, when viewed from the standpoint of Defendant(s) at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff(s) and others. Defendant(s) had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff(s) and others.

41. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff(s) from Defendant(s).

42. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant(s) acts as described herein, Plaintiff, James C. Mitchell was caused to suffer past and future medical expenses, associated with injury to traumatic internal disc disruptions to his cervical and lumbar spines. Mitchell also suffered injuries to his bilateral shoulders, and left lower extremity to include his hip, left knee and left ankle, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

43. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, James C. Mitchell and Ana Maria Rodea de Mitchell have incurred the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, James C. Mitchell for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

    B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

10

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past;

H. Physical impairment which, in all reasonable probability, will be suffered in the future;

I. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K. Loss of Household Services in the past;

L. Loss of Household Services in the future;

M. Fear of future disease or condition; and

N. Cost of medical monitoring and prevention in the future.

44. Proximate and Producing Cause of Damages: The Defendants conduct is the proximate and producing cause of actual damages to the Plaintiff's, both direct and consequential damages to the Plaintiff(s) for economic loss resulting from a denial of coverage creating loss of opportunity, loss of amenity, loss of credit worthiness, damage to reputation, mental anguish, and pain and suffering.

45. Actual Damages: As a consequence of the Defendant(s) conduct described above, Plaintiff(s) have incurred substantial damages in the form of

11

economic loss, lost wages, loss of opportunity, loss of amenity, loss of credit worthiness, damage to reputation, mental anguish, and pain and suffering. The Defendant(s) acts and omissions set out above were the producing cause and the proximate cause of the judgment and other harm to the plaintiff(s), as follows:

A. The Plaintiff(s) have paid, and incurred liability to pay, the reasonable and necessary cost for resulting in economic loss, many of which are unremunerated;

B. The Plaintiff(s) have economic loss because of collection efforts, liens and judgements associated with the abovementioned accident;

C. The Plaintiff(s) has unremunerated loss of wages;

    i. The Plaintiff(s) has loss of credit worthiness, and damage to reputation detrimentally effecting their daily life.

    ii. The Plaintiff(s) have loss of opportunity and loss of amenity because of their inability to recuperate from the aforementioned policy.

    iii. The Plaintiff(s) were caused to suffer severe mental anguish that interfered with the Plaintiff(s) ability to carry out the day-to-day responsibilities and enjoyments of life.

46. Mental Anguish Damages: The Defendant(s) conduct was done knowingly and intentionally and with actual awareness of the deception. This

allegation is supported by the facts that the Defendant(s) received notification of the accident triggering the comprehensive insurance policy protection, took payments from the Plaintiff(s), and subsequently failed to compensate for the sustained loss. As a direct result of that knowing and intentional conduct the Plaintiff(s) have suffered grievous mental anguish and continue to do so for which they seek damages.

47. Liquidated Damages: The Plaintiff(s) also claims their rights to damages as stipulated by the contract, and as provided by the judgement of the court.

48. Consequential and Incidental Damages: Money damages for the foreseeable loss from the breach of contract.

49. Statutory Damages: The Plaintiff(s) also claims their rights to all applicable statutory damages as provided against those in the business of providing insurance and in relation to consumer protections. Additionally, Plaintiff claims the right to Texas DTPA damages up to three times actual and mental anguish damages with attorney's fees.

50. Punitive Damages: The Plaintiff(s) also claims their rights to punitive damages.

51. Attorney's Fees: Prosecution of the Plaintiffs' causes of action has necessitated the services of an attorney and the payment of or promise to pay a reasonable sum as attorney's fees for the preparation, trial, and any appeal of this case, a sum that the Defendant(s) should be ordered to pay to compensate the Plaintiffs.

52. By reason of the above, Plaintiff, James C. Mitchell and Ana Maria Rodea de Mitchell have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII.
## DISCOVERY REQUESTS

### A. REQUEST FOR DISCLOSURE

Defendants are hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure, to the undersigned counsel for Plaintiffs.

### B. INTERROGATORIES

Defendants are hereby requested to answer, separately, fully, in writing, and under oath, the interrogatories set forth in the attached "Exhibit A" and serve said answers, within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel for Plaintiffs, pursuant to Rule 197 of the Texas Rules of Civil Procedure.

### C. REQUESTS FOR PRODUCTION

Defendants are hereby requested to produce the documents or tangible items set forth in the attached "Exhibit B" within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel for Plaintiffs, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, James C. Mitchell and Ana Maria Rodea de Mitchell respectfully pray that the Defendant(s) be cited to appear and

14

answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, interest as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Spencer, Anderson, PLLC

By: _____

Jason C. Spencer
Texas Bar No. 24053488
Email: jason@spencerandersonfirm.com
Travis R. Anderson
Texas Bar No. 24080770
Email: travis@spencerandersonfirm.com
4416 Ramsgate, Suite 202
San Antonio, TX 78230
Tel. (210) 699-0004
Fax. (210) 699-0005
Attorney for Plaintiff(s)

**PLAINTIFF(S) HEREBY DEMANDS TRIAL BY JURY**

## "EXHIBIT A"

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Please identify by name and title (i.e. relationship or affiliation to Defendant(s), all of the following individuals (if any of the individuals no longer have relationship or affiliation to Defendant(s) then identify by name the last known address and telephone):
    a. All individuals supplying information or assisting in any way the preparation of answers to these interrogatories;
    b. The individual whose name is subscribed to the oath/verification to the answers to these interrogatories company title and contact information;
    c. All individuals who were assigned to repair, clean, (including all supervisors/managers) the Plaintiff(s) room at Courtyard Houston Brookhollow on November 8, 2015;
    d. Any and all individuals who were questioned, investigated, or disciplined in any way (to include written or verbal warnings, notes in their personnel file, suspension, or termination, etc.) in connection with the incident made the basis of this lawsuit.

2. Describe the incident made the basis of this lawsuit.

3. Please state the date Defendant(s) took ownership/management of Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092.

4. Please state the date and type of renovations the Defendant(s) conducted on the accessible room given to the Plaintiff on November 8, 2015, at the Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092.

5. Please list the contractors or maintenance companies used for any repair or renovations the Defendant(s) have conducted within the last five years on Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092.

6. Please state Defendant(s) safety policies for "accessibility" rooms.

7. Please state whether there were any warnings posted on the shower chair located in Plaintiff(s) accessibility room on November 8, 2015, and the content of these warnings.

8. Please describe your training policies and procedures for cleaning, inspecting and maintenance staff.

9. Please state whether Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092 has undergone a risk assessment while owned/operated by Defendant(s). If yes, please give the dates, and the companies that provided this service.

10. Please provide the date, time, and name of the person who inspected the room Plaintiff stayed in prior to his arrival on November 8, 2015.

11. Please list each time Plaintiffs; hotel room was inspected prior to November 8, 2015; in this response please provide date of the inspection, as well as the identity of each inspector.

## "EXHIBIT B"

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

1. Please produce the entire employment/personnel files for all individuals identified in answers part c-d of Interrogatory No. 1 (NOTE: this request specifically excludes any tax information or social Security numbers. This request also specifically includes, but is not limited to, all records of disciplinary action either prior to, or as a result of the incident made the basis of this lawsuit).

2. Please produce copies of all documents of internal investigations conducted by Defendant(s) into the incident made the basis of this lawsuit, including but not limited to any incident reports, forms, company memos, other paperwork generated or filled out (whether that information was provided by, or prepared for the benefit of, any investigative agency, investigating officer, any insurance carrier, any employee, or any non-privileged third party). Note: this request specifically excludes any documents prepared by or for your attorney, for the purposes of this lawsuit.

3. Please produce any and all video footage pertaining to the incident made the basis of this lawsuit.

4. Please produce documents establishing Defendant(s) ownership/management of Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092.

5. Please any documents, bills or receipts for renovations the Defendant(s) conducted on the accessible room prior Plaintiff(s) visit on November 8, 2015, to the Courtyard Houston Brookhollow, 2504 North Loop West, Houston, Texas 77092.