FILED
MAR 08 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

CAUSE NO. 2017CI19713

| | | |
|---|---|---|
| **JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR,** *Plaintiffs,* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | **166th JUDICIAL DISTRICT** |
| vs. | § | |
| | § | |
| **NEW PRIME, INC. AND BENJAMIN JAMES DOUGHERTY,** *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, hereinafter referred to by name or as Plaintiffs, and complains of NEW PRIME, INC. and BENJAMIN JAMES DOUGHERTY, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

I.
DISCOVERY CONTROL PLAN

1. Plaintiffs intends that discovery be conducted under Level 3 Pursuant to RULE 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

II.
PARTIES

2. Plaintiff JOSHUA NEDDO is an individual residing in San Antonio, Bexar County, Texas.

3. Plaintiff GERALDINE NEDDO is an individual residing in San Antonio, Bexar County, Texas.

4. Plaintiff GERALDINE NEDDO, AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, is an individual residing in San Antonio, Bexar County, Texas.

5. Defendant, NEW PRIME, INC. is a foreign corporation that filed an answer to Plaintiffs' Original Petition on January 26, 2018.

6. Defendant, BENJAMIN JAMES DOUGHERTY is an individual who filed an answer to Plaintiffs' Original Petition on February 9, 2018.

## III.
## JURISDICTION & VENUE

7. This Court has jurisdiction over the parties because the amount in controversy exceeds the jurisdictional limits of this Court at the time of filing this suit, which, with the passage of time may change. Additionally, this Court has jurisdiction over the parties because Defendants do business in the State of Texas.

8. Venue is proper in Bexar County under § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

9. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs, JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, seek monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00), which is in excess of the minimum jurisdictional limits and a demand for judgment for all the other relief to which Plaintiffs deems themselves justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits. Because Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE require Plaintiffs to affirmatively plead the amount of damages sought, Plaintiffs plead that any amount

in excess of ONE MILLION DOLLARS ($1,000,000.00) is an amount to be determined by the jury.

## IV.
## FACTS

10. On or about May 12, 2017, Plaintiffs JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, were lawfully operating a 2013 Red Chrysler Town & Country Van, stopped in the far right lane on Gulfmart Street, at its controlled intersection with Broadway Street, in San Antonio, Texas. While waiting to make a right turn onto Broadway Street, Defendant BENJAMIN JAMES DOUGHERTY, a driver for NEW PRIME, INC., approached the aforementioned intersection, driving a tractor trailer, in the far left lane of Gulfmart Street. As Defendant BENJAMIN JAMES DOUGHERTY approached the intersection, suddenly, violently, and without warning, he made a right turn from the left lane, crashing into the side of Plaintiffs' vehicle. Defendant BENJAMIN JAMES DOUGHERTY, at the time of the collision, was in the course and scope of his employment with Defendant NEW PRIME, INC. As a result of this collision, Plaintiffs, JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, sustained severe injuries and damages as further set out below.

11. The above-referenced acts and/or omissions by Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

V.
CAUSES OF ACTION – NEW PRIME, INC.

A. RESPONDEAT SUPERIOR

12. The Defendant, NEW PRIME, INC. is liable under the doctrine of *Respondeat Superior* in that BENJAMIN JAMES DOUGHERTY was operating the vehicle in the course and scope of his employment with Defendant, NEW PRIME, INC., at the time of the collision.

13. At the time of the occurrence of the act in question and immediately prior thereto, BENJAMIN JAMES DOUGHERTY, was within the course and scope of his employment with Defendant, NEW PRIME, INC.

14. At the time of the occurrence of the act in question and immediately prior thereto, BENJAMIN JAMES DOUGHERTY was engaged in the furtherance of Defendant, NEW PRIME, INC. 's business.

15. At the time of the occurrence in question, and immediately prior thereto, BENJAMIN JAMES DOUGHERTY was engaged in accomplishing a task for which BENJAMIN JAMES DOUGHERTY was employed.

16. Plaintiffs invokes the doctrine of *Respondeat Superior* against Defendant, NEW PRIME, INC.

B. NEGLIGENCE

17. Defendant NEW PRIME, INC. was also independently negligent in one or more of the following respects:

a. Negligent hiring of BENJAMIN JAMES DOUGHERTY;

b. Negligent entrustment of the vehicle to BENJAMIN JAMES DOUGHERTY;

c. Negligent training and supervision of BENJAMIN JAMES DOUGHERTY;

d. Negligent retention of BENJAMIN JAMES DOUGHERTY;

e. Negligent contracting;

f. Negligent maintenance; and

g. Providing unsafe equipment.

18. As described herein, Defendant, NEW PRIME, INC., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

19. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

C. GROSS NEGLIGENCE

20. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and his actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

21. Defendant's acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

22. Defendants had actual, subjective awareness of the risk involved in the indifference to the

rights, safety, or welfare of Plaintiffs and others.

23. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VI.
## CAUSES OF ACTION-BENJAMIN JAMES DOUGHERTY

A. NEGLIGENCE

24. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting Plaintiffs' injuries and damages were proximately caused by the negligent conduct of Defendant BENJAMIN JAMES DOUGHERTY, who operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. Failing to drive, as nearly as practical, entirely within a single lane or moving from his lane when it was unsafe to do so;

c. Failing to turn as close as practicable to the right-hand curb or edge of the roadway;

d. Turning the vehicle from a direct course when it was unsafe to do so;

e. Driving a vehicle in wilful or wanton disregard for the safety of persons or property;

f. Being inattentive;

g. Failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

h. Failing to yield the right of way to Plaintiffs.

25. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence per se and gross negligence which proximately caused the

collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

B. NEGLIGENCE PER SE

26. Defendant BENJAMIN JAMES DOUGHERTY was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE, §545.101 pursuant to the Negligence Per Se Doctrine, which mandates that:

> (a) To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway.

27. Defendant BENJAMIN JAMES DOUGHERTY was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE, §545.103 pursuant to the Negligence Per Se Doctrine, which mandates that:

> §545.103 Safely Turning
>
> An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from direct course, or move right or left on a roadway unless movement can be made safely.

28. Defendant BENJAMIN JAMES DOUGHERTY was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE, §545.104 pursuant to the Negligence Per Se Doctrine, which mandates that:

> §545.104 Failure to Use Turn Signal
>
> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
>
> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.
>
> §545.106 Signals by Hand and Arm or by Lamp

(a) Except as provided by Subsection (b), an operator required to give a stop or turn signal shall do so by:

(1) using the hand and arm; or

(2) lighting signal lamps approved by the department.

(b) A motor vehicle in use on a highway shall be equipped with signal lamps, and the required signal shall be given by lighting the lamps, if:

(1) the distance from the center of the top of the steering post to the left outside limit of the body, cab, or load of the motor vehicle is more than two feet; or

(2) the distance from the center of the top of the steering post to the rear limit of the body or load, including the body or load of a combination of vehicles, is more than 14 feet.

29. Defendant BENJAMIN JAMES DOUGHERTY was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE, §545.401 pursuant to the Negligence Per Se Doctrine, which mandates that:

§545.401 Reckless Driving

(a) A person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property.

30. Further, Defendant BENJAMIN JAMES DOUGHERTY failed to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE, §545.351 pursuant to the negligence Per Se Doctrine which mandates that:

§545.351 Driving at an Unsafe Speed

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

C. GROSS NEGLIGENCE

31. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

32. The acts and/or omissions by Defendant outlined in Paragraph 10 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

33. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## DAMAGES

34. By reason of all of the above, Plaintiffs, JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, have

suffered losses and damages, both individually and collectively, that exceeds the jurisdictional limits of this Court.

35. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries to their neck and back and other parts of their bodies generally. Plaintiffs' entire bodies were bruised, battered and contused and he suffered great shock to their entire nervous systems. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiffs' health and well being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

36. As a further result of all of the above, Plaintiffs have incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of herein. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

37. As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

38. As a consequence of the injuries sustained in this occurrence, Plaintiffs have lost the power to move from place to place. In all reasonable probability, this disability will cause Plaintiffs to suffer long into the future, if not for the balance of their natural lives, all to the damage in an amount that is within the jurisdictional limits of this Court for which each now sues.

39. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, were caused to incur the following damages:

1. Physical pain and mental anguish sustained in the past;
2. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;
3. Loss of earning capacity sustained in the past;
4. Loss of earning capacity that, in reasonable probability, will be sustained in the future;
5. Disfigurement sustained in the past;
6. Disfigurement that, in reasonable probability, will be sustained in the future;
7. Physical impairment sustained in the past;
8. Physical impairment that, in reasonable probability, will be sustained in the future;
9. Medical care expenses incurred in the past; and
10. Medical care expenses that, in reasonable probability, will be incurred in the future.

40. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which Plaintiffs now sue.

41. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief and a demand for judgment for all other relief to which Plaintiffs deems themselves justly entitled at the time of filing this suit, which, with the passage of time may change.

VIII.
INTEREST

42. Plaintiffs further requests both pre-judgment and post-judgment interest on all of his damages as allowed by law.

X.
DEMAND FOR JURY TRIAL

43. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket. The jury fee is hereby tendered.

XI.
NOTICE OF SELF-AUTHENTICATION

44. Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

XII.
PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgments against Defendants, for actual damages as alleged and exemplary damages, in an amount that exceeds the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS
5711 University Heights Blvd., Ste. 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax: (361) 985-0601

By: ______________________
Thomas J. Henry
State Bar No. 09484210
Omar S. Rivero
State Bar No. 16958150
orivero-svc@tjhlaw.com*
Christopher Ross
State Bar No. 24103331
cross-svc@tjhlaw.com
ATTORNEYS FOR PLAINTIFFS

*service by email to this address only