# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOSHUA NEDDO, GERALDINE NEDDO, INDIVIDUALLY AND AS NEXT FRIEND OF KAILEYAH NEDDO, A MINOR, *Plaintiffs,* VS. NEW PRIME, INC. AND BENJAMIN JAMES DOUGHERTY, *Defendants.* | Civil Action No. 5:18-CV-00139-XR |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

On this date, the Court considered Defendants' Motion for Partial Summary Judgment (docket no. 86), Plaintiffs' response (docket no. 92), and Defendants' reply (docket no. 93). After careful consideration, the Court GRANTS Defendants' Motion.

## BACKGROUND

This case stems from an automobile collision between Plaintiffs and Defendant Benjamin James Dougherty on May 12, 2017. Plaintiffs are Geraldine Neddo (the driver at the time of the collision), Joshua Neddo (Geraldine's husband, who was in the passenger seat at the time of the collision), and Geraldine Neddo as next friend of Kaileyah Neddo (a minor who was in the back seat of the vehicle at the time of the collision).

At the time of the accident, Dougherty drove a tractor-trailer for his employer, Defendant New Prime, Inc. Dougherty was allegedly acting within the course and scope of his employment with New Prime at the time of the accident. Docket no. 11 at ¶10. Plaintiffs allege that the collision

1

occurred when Dougherty, who was driving the tractor-trailer, turned right onto Broadway Street from the left lane of Gulfmart Street. *Id.* Plaintiffs allege that they were in the right lane on Gulfmart Street and that Dougherty crashed into their vehicle while making his turn. *Id.* Pictures of the accident show that the trailer portion of Dougherty's tractor-trailer hit Plaintiffs' vehicle while Dougherty was in the process of making a right hand turn onto Broadway Street. Docket no. 92-19. Plaintiffs seek damages upward of one million dollars and claim to have suffered permanent injuries. Docket no. 11 at ¶9.

On October 2, 2017, Plaintiffs filed their Original Petition in the 166th Judicial District Court of Bexar County, Texas. Docket no. 1-4. On February 12, 2018, Defendants filed their Notice of Removal to this Court. Docket no. 1. Plaintiffs bring negligence and gross negligence claims against New Prime for entrusting Dougherty with the vehicle; providing him unsafe equipment and negligently maintaining it; and negligently hiring, training, supervising, retaining, and contracting Dougherty. Docket no. 11 at ¶17-23. Plaintiffs also bring a cause of action against New Prime under respondeat superior, seeking to hold New Prime liable for Dougherty's underlying negligence. *Id.* at ¶12-15. In their response to the Motion for Summary Judgment, Plaintiffs have requested leave to amend their First Amended Original Complaint to withdraw the negligence and gross negligence causes of action regarding hiring, entrustment, retention, contracting, and maintenance. Docket no. 92 at 1. This request is granted, these claims are withdrawn, and Defendants' Motion for Partial Summary Judgement is moot as to the withdrawn claims.

Plaintiffs maintain that New Prime was negligent and grossly negligent in the training and supervision of and providing unsafe equipment to Dougherty. *Id.* at 2. As to the respondeat superior claim, Plaintiffs allege that New Prime is liable because Dougherty was operating the vehicle in

the course of his employment with New Prime at the time of the accident. Docket no 11 at ¶12-15. As to the remaining negligence and gross negligence claims against New Prime, Plaintiffs allege that New Prime was negligent or grossly negligent in the manner in which Dougherty was trained and supervised prior to the collision at issue. *Id.* at ¶17-23. Plaintiffs also allege that New Prime acted negligently or grossly negligently by providing unsafe equipment to Dougherty which proximately caused Plaintiffs' injuries.

Plaintiffs maintain that Dougherty was negligent, negligent per se, and grossly negligent. As to the claims against Dougherty, Plaintiffs allege that Dougherty was negligent because he failed to exercise ordinary care in the operation of his motor vehicle, that Dougherty was negligent per se because he violated numerous provisions of the Texas Transportation Code, and that Dougherty was grossly negligent because he had actual, subjective awareness of the risk involved but nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs. Docket no. 11 at ¶24-32.

Defendants filed the Motion for Partial Summary Judgment now before the Court on May 6, 2019. Docket no. 86. Defendants seek summary judgment on the direct and gross negligence claims against New Prime and the gross negligence claim against Dougherty.

## DISCUSSION

### A. Standard of Review

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear

the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321 (1986). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.* 831 F.2d 77, 79 (5th Cir. 1987).

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is contradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 151 (2000). The Court "may not make credibility determination or weigh the evidence" in ruling on a motion for summary judgment, and must review all facts in the light most favorable to the non-moving party. *Id.* at 150; *First Colony Life Ins. Co. v. Sanford,* 555 F.3d 177, 180 (5th Cir. 2009).

**B. Application**

    **1. Plaintiffs' Negligent Training and Supervision Claims Against New Prime Fail.**

Plaintiffs claim that New Prime was negligent in training and supervising Dougherty. Docket no. 92 at ¶19. New Prime argues that these claims fail because the summary judgment evidence shows that Dougherty was a competent driver with a valid and current commercial driver's license, and that nothing in Dougherty's record gave New Prime a reason not to hire and keep Dougherty as an employee. Docket no. 86 at ¶4.7. New Prime also argues that the evidence

shows that it was not negligent in supervising Dougherty because New Prime properly trained and supervised Dougherty under the requirements of the Federal Motor Carrier Safety Regulations for commercial drivers. *Id.* at ¶4.6-4.11.

Under Texas law, negligent training and supervision claims are based on an employer's direct negligence rather than on vicarious liability. *Phillips v. Super Servs. Holdings, LLC,* 189 F.Supp. 3d 640, 648 (S.D. Tex. 2016) (citing *Guidry v. Nat'l Freight, Inc.,* 944 S.W.2d 807, 810 (Tex. App.—Austin 1997, no writ). Like all simple negligence claims, the elements are duty, breach, and damages proximately caused by the breach. *Id.* A plaintiff can recover for "negligent […] supervision in cases where the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Garcia v. Hospice of El Paso,* 2003 WL 21961177 at *5 (W.D. Tex. 2003) (citing *Wise v. Complete Staffing Services, Inc.,* 56 S.W.3d 900, 902 (Tex. App.—Texarkana 2001, no pet.)). "Texas has long recognized an employer's duty to make inquiry into the competence and qualifications of those considered for employment, and an employer may be guilty for negligently hiring an incompetent employee and thus be held liable for damages." *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP,* LLP, 288 F. Supp. 2d 796, 803 (N.D. Tex. 2003) (citing *Arrington v. Fields,* 578 S.W.2d 173, 179 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).

"In light of these principles, and in order to promote safety and prevent motor vehicle accidents, a motor carrier has a duty to take steps to prevent injury to the driving public by determining whether an applicant to drive one of its trucks is competent and qualified." *Phillips,* 189 F. Supp. 3d at 648 (citing *Morris v. JTM Materials, Inc.,* 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.).

Here, the summary judgment evidence reveals the following about Dougherty and New Prime's training and supervision:

- Dougherty entered New Prime's driver training program to learn how to become a commercial driver, where he received training through computer simulation, classroom instruction, and hands-on training with a truck and trailer. Dougherty Depo. at 27:19-22.

- Dougherty completed at least 30,000 miles of hands-on driving training as part of New Prime's training program. *Id.* at 42:15-25.

- Dougherty was taught how to make right-hand turns from an intersection onto one way streets, two-lane roads, and four-lane roads during his training with New Prime. *Id.* at 46:23 - 47:1-8.

- Dougherty received his commercial driver's license from the state of Missouri after receiving his initial training and learning how to drive through New Prime's driver training program. *Id.* at 39:23 - 40:1, 40:5-11.

- Prior to the accident, New Prime reviewed Dougherty's driving record which revealed only one past accident—a fender-bender with no injuries that had occurred over ten years prior. Dougherty had not been in a driving accident or received a speeding or moving violation in the ten years leading up to the accident. *Id.* at 132:22-134:11.

- Dougherty met with a representative of the New Prime safety department and completed an additional safety course after his accident. *Id.* at 71:16-22.

On this record, no reasonable fact finder could find that New Prime breached its duty to take steps to protect the public by failing to determine whether its drivers are competent or qualified or that New Prime's training or supervision practices proximately caused Plaintiffs'

6

injuries. There is no triable fact issue as to Plaintiffs' negligent training or supervision claims. Because New Prime has met its summary judgment burden by pointing out that insufficient evidence supports key elements of these claims, the burden shifts to Plaintiffs to show summary judgment is inappropriate.

Plaintiffs' evidence is insufficient to show that summary judgment is inappropriate because it does not show that there is a genuine dispute as to any material fact. First, Plaintiffs assert that New Prime never gave Dougherty a copy of the Texas Commercial Motor Vehicle Driver Handbook and that Dougherty was never taught these rules. Docket no. 92 at ¶19. Plaintiffs also assert that Dougherty's immediate supervisor, Joseph Walcher, was not trained in New Prime's vehicle collision warning system or driver safety procedures. *Id.* at ¶20-21. However, even viewed in the light most favorable to Plaintiffs, these facts are insufficient to show negligence on behalf of New Prime. New Prime's training program is extensive and Dougherty received his commercial driver's license from the state of Missouri. Dougherty Depo. at 39:23 - 40:1, 40:5-11. Thus, New Prime did not breach the duty it owed to the public or to Plaintiffs because no reasonable jury could find that New Prime failed to exercise reasonable care in training and supervising Dougherty.

Nor can Plaintiffs show that there is a genuine dispute as to whether New Prime proximately caused Plaintiffs' injuries. Proximate cause requires foreseeability and cause-in-fact. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). Plaintiffs assert that such an accident was foreseeable because New Prime did not properly train or supervise its drivers, but presents no evidence that New Prime failed to train or supervise its drivers. Because Plaintiffs have not presented any evidence that creates a factual dispute as to whether New Prime properly trained and supervised Dougherty, there is no dispute as to whether an accident was foreseeable due to lack of proper training or supervision. Nor is there any genuine dispute as to whether New Prime's

hiring or supervision of Dougherty was cause-in-fact of Plaintiffs' injuries. Plaintiffs assert that had Dougherty been properly trained, this collision would not have occurred, but provides no evidence for this statement.

Plaintiffs have not shown that there is a factual dispute as to New Prime's negligence in either training or supervising Dougherty. As such, a reasonable factfinder could not find that New Prime negligently trained or supervised Dougherty. Summary judgment on these claims is granted.

### 2. Plaintiffs' Claim Against New Prime for Negligently Providing Unsafe Equipment Fails.

Plaintiffs allege that New Prime was negligent in providing unsafe equipment to Dougherty by failing to equip Dougherty's vehicle with working industry standard systems. Docket no. 92 at ¶27-28. Like their negligent training and supervision claims, Plaintiffs' claim that New Prime was negligent in providing unsafe equipment requires Plaintiffs to show that New Prime was directly negligent—that is, separate from any alleged negligence of Dougherty that contributed to the accident. Like all simple negligence claims, the elements are duty, breach, and damages proximately caused by the breach. *Phillips,* 189 F.Supp. 3d at 648.

Here, there is no genuine dispute of fact regarding the tractor-trailer provided by New Prime. Under an ordinary negligence action, New Prime is required to exercise reasonable care under the circumstances, and only by presenting evidence of New Prime's breach of this reasonable care can Plaintiffs satisfy this key element of negligence. Plaintiffs have not provided evidence which raises a triable fact dispute regarding New Prime's breach. Plaintiffs have simply stated that the truck Dougherty was driving was not equipped with the Eaton Vorad Collision Warning System and that the Lane Departure Warning System did not provide a warning to Dougherty. Docket no. 92 at ¶27-28. This does not create a genuine factual dispute regarding

breach because there is no evidence that these systems are required to exercise reasonable care, nor that reasonable care is not exercised if these systems are absent.

Neither is there a genuine dispute of fact regarding proximate cause. Proximate cause requires foreseeability and cause-in-fact. *Travis*, 830 S.W.2d at 98. Here, considering the evidence in the light most favorable to the non-moving party, Plaintiffs have asserted only that New Prime did not equip its trucks with a specific warning system as evidence of the foreseeability of this accident. Docket no. 92 at ¶27. This fact does not create a dispute as to the foreseeability of the accident because the absence of the Eaton Vorad Collision Warning System does not, in itself, create a factual dispute as to whether an automobile accident was foreseeable.

Plaintiffs have also failed to provide sufficient evidence that the absence of the warning system was the cause-in-fact of the accident. Dougherty testified that the new company he works for, P&S Transportation, does not have such a warning system on their trucks, and New Prime's Director of Safety, Steven Field, testified that these systems had issues with accuracy when tested. Dougherty Depo. at 38:11-19; Fields Depo. at 28:13-24. Despite Plaintiffs assertion that this system's absence was the cause of the accident, no reasonable factfinder could find that that the cause-in-fact of the accident was the absence of the Eaton Vorad Collision Warning System.

Additionally, Plaintiffs attribute the accident to the lack of warning from the truck's lane departure system. Docket no. 92 at ¶28. However, the evidence shows that the lane departure warning system only operates at speeds above 37 miles per hour. Docket no. 92-3 at 91. Additionally, the system is not responsible for making the driver alert or for alerting the driver if his trailer was out of alignment, as long as the tractor maintains the lane. Docket no. 10 at 12. Although Plaintiffs claim that the lane departure system was supposed to warn Dougherty of lane departures, the evidence directly contradicts this claim. As such, Plaintiffs have not provided

evidence that the lack of warning from the lane departure system led the accident to be foreseeable or that it was a cause-in-fact of the accident. Because the evidence shows that the lane departure system was not supposed to provide a warning in the circumstances in which the collision occurred, no reasonable factfinder could find that the lack of warning contributed to the collision. There is no genuine dispute as to any material fact regarding Plaintiffs' allegation of New Prime's negligence in providing unsafe equipment. Summary judgment on this claim is granted.

### 3. Plaintiffs' Gross Negligence Claims Fail.

Plaintiffs bring gross negligence claims against both New Prime and Dougherty. New Prime and Dougherty both argue that summary judgment is warranted because Plaintiffs cannot provide any evidence of the requisite intent for gross negligence. Docket no. 86 at ¶4.17-4.18.

To recover exemplary damages under Texas law, a plaintiff must "prove[] by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence" Tex. Civ. Prac. & Rem. Code § 41.003(a). "Clear and convincing" evidence requires "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 41.002(2). In this context, "gross negligence" means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001(11)

To meet the objective element, plaintiffs must show that the defendant's act or omission involved "an extreme degree of risk," which means "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Dillard Dep't Stores, Inc. v. Silva,* 148 S.W.3d 370, 374 (Tex. 2004) (internal quotation omitted). To meet the subjective element, plaintiffs must show that the "defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Ref. Co., L.P. v. Hall,* 168 S.W.3d 164, 171-72 (Tex. 2005). (internal quotation and footnote omitted). "Evidence of simple negligence does not meet either the subjective or objective elements." *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998). "[F]ailure to pursue the safest course available or provide the best warnings imaginable does not necessarily equate to a want of caring[,]" nor "does the violation of a law or regulation inescapably evince conscious indifference." *Agrium U.S., Inc. v. Clark,* 179 S.W.3d 765, 767 (Tex. App.—Amarillo 2005, no pet.).

Here, Plaintiffs do not provide evidence that shows summary judgment is inappropriate as to the gross negligence claims. As to New Prime, Plaintiffs only state that New Prime did not provide a Texas Commercial Motor Vehicle Driver Handbook to Dougherty, explain all additional safety features to Dougherty, or install additional safety features on Dougherty's truck. Docket no. 92 at ¶19, 27. As to Dougherty, Plaintiffs only state that Dougherty made his right turn from the wrong lane without adequately checking for traffic. *Id.* at ¶34. No reasonable factfinder could find that these acts and omissions involve an extreme degree of risk. Nor could a reasonable factfinder find that New Prime or Dougherty knew of an extreme risk and proceeded anyway with conscious indifference as to Plaintiffs' safety. This conduct may give rise to a negligence claim against Dougherty, but unquestionably does not rise to the level of gross negligence, and Plaintiffs produce

no evidence that indicates otherwise. Defendants' Motion for summary judgment for all claims of gross negligence is granted.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (docket no. 86) is GRANTED. Accordingly, only Plaintiffs' claims for negligence and negligence per se remain against Dougherty, and only Plaintiffs' claim under respondeat superior remains against New Prime.

Plaintiffs' request for leave to file their Second Amended Complaint, attached as Exhibit A to docket no. 92, is GRANTED. The Clerk is directed to file Plaintiffs' Second Amended Complaint.

It is so ORDERED.

SIGNED this 20th day of June, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE